**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,<br>770 Broadway<br>New York, NY 10003<br><br>        Plaintiff,<br><br>v.<br><br>COMSCORE, INC.,<br>11950 Democracy Drive<br>Suite 600<br>Reston, VA 20190<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*NORFOLK DIVISION*

Civil Action No. 2: 11 cv 168
RGD/TEM

JURY TRIAL DEMANDED

FILED
2011 MAR 15 P 1: 15
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**COMPLAINT FOR PATENT INFRINGEMENT**

Walter D. Kelley, Jr. (VSB No. 21622)
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Of Counsel:*

Tharan Gregory Lanier
Joe C. Liu
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939
Fax: (650) 739-3900

Steven J. Corr
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: (213) 489-3939
Fax: (213) 243-2539

*Counsel for The Nielsen Company (US), LLC*

Plaintiff The Nielsen Company (US), LLC hereby complains and alleges against Defendant comScore, Inc. as follows:

## I.   NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant comScore, Inc.'s unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of the following patents:

   a.   United States Patent No. 6,115,680, issued on September 5, 2000, for "Computer Use Meter and Analyzer" (the "'680 patent" ), a true and correct copy of which is attached hereto as **Exhibit A**;

   b.   United States Patent No. 6,418,470, issued on July 9, 2002, for "Metering of Internet Content Using a Control" (the "'470 patent" ), a true and correct copy of which is attached hereto as **Exhibit B**;

   c.   United States Patent No. 7,376,722, issued on May 20, 2008, for "Network Resource Monitoring and Measurement System and Method" (the "'722 patent"), a true and correct copy of which is attached hereto as **Exhibit C**;

   d.   United States Patent No. 7,386,473, issued on June 10, 2008, for "Content Display Monitoring by a Processing System" (the "'473 patent" ), a true and correct copy of which is attached hereto as **Exhibit D**; and

   e.   United States Patent No. 7,613,635, issued on November 3, 2009, for "Content Display Monitor" (the "'635 patent"), a true and correct copy of which is attached hereto as **Exhibit E** (collectively, the "Patents-in-Suit").

## II.   THE PARTIES

2.      Plaintiff The Nielsen Company (US), LLC ("Nielsen") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 770 Broadway, New York, New York 10003. Nielsen conducts business in the judicial district of the Eastern District of Virginia.

3.      Defendant, comScore, Inc. ("comScore") is a Delaware corporation with its principal place of business at 11950 Democracy Drive, Suite 600, Reston, Virginia 20190. Defendant comScore conducts business in the judicial district of the Eastern District of Virginia and elsewhere in the United States, and makes, uses, sells, offers for sale, and/or imports into the United States certain products that infringe one or more of the claims of one or more of the Patents-in-Suit.

## III.   JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35, United States Code.

5.      This Court has original jurisdiction over the subject matter of this patent infringement action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a).

6.      Defendant comScore is subject to personal jurisdiction in the Commonwealth of Virginia because its corporate headquarters are located in this judicial district and division, and Defendant comScore regularly transacts business in this judicial district and division by, among other things, regularly and systematically offering its products and services to customers, business affiliates, and partners located in this judicial district and division. In addition, Defendant comScore has committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-in-Suit in this judicial district and division.

- 2 -

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), 1391(c), and 28 U.S.C. §1400(b) because Defendant comScore is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district.

## IV.   CLAIMS

### COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,115,680)

8.    Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

9.    Nielsen is the owner of all rights, title, and interest in the '680 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

10.    The '680 patent relates to a system for monitoring computer use, and more particularly, a system for collecting, logging, and analyzing preselected operations in a personal computer and reporting the use.

11.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant comScore has infringed and continues to infringe, has induced and continues to induce infringement, and/or has contributed and continues to contribute to the infringement of one or more claims of the '680 patent through at least the acts of making, using, selling, offering for sale, importing into the United States for subsequent use or sale infringing products and services, and/or providing products and services to third parties whose use of those products and services infringe the '680 patent. Defendant comScore's infringing products and/or services include systems for monitoring computer use, and more particularly, systems for collecting, logging, and analyzing preselected operations in a personal computer and reporting the use. Defendant comScore's infringing products and/or services include, without limitation, Media Metrix Suite, Media Metrix 360, Advertising Effectiveness (AdEffx) Suite, Ad Metrix Mobile, Benchmarking

Studies, Customer Satisfaction Studies, e-Commerce Measurement, Mobile Advisor, Plan Metrix Mobile, Video Metrix 2.0, Video R/F, Media Metrix 2.0, Media Metrix XPC, Ad Metrix Publisher, Ad Metrix - Advertiser View, Brand Metrix, Campaign Metrix, Segment Metrix, World Metrix, Ad Sales Networks, Audience insite Measures 2.0, LocalScore, Local Market Reporting, Online Search Solutions, qSearch 2.0, Extended Web Measurement, U.S. Hispanic Services, Global Services, Custom Analysis, comScore Industry Solutions, comScore Marketing Solutions, other comScore products and/or services which include the aforementioned products and/or services, and other comScore products and/or services that include panelist monitoring software, such as but not limited to, RelevantKnowledge software.

12.    As a result of Defendant comScore's infringement, Nielsen has suffered, and will continue to suffer damages.  Nielsen is entitled to recover from Defendant comScore the damages it has sustained as a result of Defendant comScore's infringing acts in an amount subject to proof at trial.  Nielsen is also entitled to its costs of suit and interest.

13.    Unless Defendant comScore is enjoined by this Court from continuing its infringement of the '680 patent, Nielsen will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

**COUNT II**
**(INFRINGEMENT OF U.S. PATENT NO. 6,418,470)**

14.    Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

15.    Nielsen is the owner of all rights, title, and interest in the '470 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

16.    The '470 patent relates to a system for metering the exposure of Internet content.

17.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant comScore has infringed and continues to infringe, has induced and continues to induce infringement, and/or has contributed and continues to contribute to the infringement of one or more claims of the '470 patent through at least the acts of making, using, selling, offering for sale, importing into the United States for subsequent use or sale infringing products and services, and/or providing products and services to third parties whose use of those products and services infringe the '470 patent. Defendant comScore's infringing products and/or services include systems for metering the exposure of Internet content. Defendant comScore's infringing products and/or services include, without limitation, Media Metrix Suite, Media Metrix 360, Advertising Effectiveness (AdEffx) Suite, Ad Metrix Mobile, Benchmarking Studies, Customer Satisfaction Studies, e-Commerce Measurement, Mobile Advisor, Plan Metrix Mobile, Video Metrix 2.0, Video R/F, Media Metrix 2.0, Media Metrix XPC, Ad Metrix Publisher, Ad Metrix - Advertiser View, Brand Metrix, Campaign Metrix, Segment Metrix, World Metrix, Ad Sales Networks, Audience insite Measures 2.0, LocalScore, Local Market Reporting, Online Search Solutions, qSearch 2.0, Extended Web Measurement, U.S. Hispanic Services, Global Services, Custom Analysis, comScore Industry Solutions, comScore Marketing Solutions, other comScore products and/or services which include the aforementioned products and/or services, and other comScore products and/or services that include panelist monitoring software, such as but not limited to, RelevantKnowledge software.

18.    As a result of Defendant comScore's infringement, Nielsen has suffered, and will continue to suffer damages. Nielsen is entitled to recover from Defendant comScore the damages it has sustained as a result of Defendant comScore's infringing acts in an amount subject to proof at trial. Nielsen is also entitled to its costs of suit and interest.

19.     Unless Defendant comScore is enjoined by this Court from continuing its infringement of the '470 patent, Nielsen will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNT III
## (INFRINGEMENT OF U.S. PATENT NO. 7,376,722)

20.     Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

21.     Nielsen is the owner of all rights, title, and interest in the '722 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

22.     The '722 patent is related to a system for analyzing and measuring multiple sources of data over a communication network so as to ascertain information or usage of one or more resources.

23.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant comScore has infringed and continues to infringe, has induced and continues to induce infringement, and/or has contributed and continues to contribute to the infringement of one or more claims of the '722 patent through at least the acts of making, using, selling, offering for sale, importing into the United States for subsequent use or sale infringing products and services, and/or providing products and services to third parties whose use of those products and services infringe the '722 patent. Defendant comScore's infringing products and/or services include systems for analyzing and measuring multiple sources of data over a communication network so as to ascertain information or usage of one or more resources. Defendant comScore's infringing products and/or services include, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Brand Survey Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video

- 6 -

R/F, other comScore products and/or services that include Unified Digital Measurement, other comScore products and/or services which include the aforementioned products and/or services, and other comScore products and/or services that include a combination of panel and website server metrics.

24.     As a result of Defendant comScore's infringement, Nielsen has suffered, and will continue to suffer damages. Nielsen is entitled to recover from Defendant comScore the damages it has sustained as a result of Defendant comScore's infringing acts in an amount subject to proof at trial. Nielsen is also entitled to its costs of suit and interest.

25.     Unless Defendant comScore is enjoined by this Court from continuing its infringement of the '722 patent, Nielsen will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNT IV
## (INFRINGEMENT OF U.S. PATENT NO. 7,386,473)

26.     Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

27.     Nielsen is the owner of all rights, title, and interest in the '473 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

28.     The '473 patent relates to a system for monitoring the display of content by a computer system.

29.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant comScore has infringed and continues to infringe, has induced and continues to induce infringement, and/or has contributed and continues to contribute to the infringement of one or more claims of the '473 patent through at least the acts of making, using, selling, offering for

sale, importing into the United States for subsequent use or sale infringing products and services, and/or providing products and services to third parties whose use of those products and services infringe the '473 patent. Defendant comScore's infringing products and/or services include systems for monitoring the display of content by a computer system. Defendant comScore's infringing products and/or services include, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video R/F, Extended Web Measurement, other comScore products and/or services which include the aforementioned products and/or services, and other comScore products and/or services that include census measurement.

30.    As a result of Defendant comScore's infringement, Nielsen has suffered, and will continue to suffer damages. Nielsen is entitled to recover from Defendant comScore the damages it has sustained as a result of Defendant comScore's infringing acts in an amount subject to proof at trial. Nielsen is also entitled to its costs of suit and interest.

31.    Unless Defendant comScore is enjoined by this Court from continuing its infringement of the '473 patent, Nielsen will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 7,613,635)

32.    Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

33.    Nielsen is the owner of all rights, title, and interest in the '635 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

34.    The '635 patent relates to a system for monitoring the display of content by a computer system.

35.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant comScore has infringed and continues to infringe, has induced and continues to induce infringement, and/or has contributed and continues to contribute to the infringement of one or more claims of the '635 patent through at least the acts of making, using, selling, offering for sale, importing into the United States for subsequent use or sale infringing products and services, and/or providing products and services to third parties whose use of those products and services infringe the '635 patent. Defendant comScore's infringing products and/or services include systems for monitoring the display of content by a computer system. Defendant comScore's infringing products and/or services include, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video R/F, Extended Web Measurement, other comScore products and/or services which include the aforementioned products and/or services, and other comScore products and/or services that include census measurement.

36.    As a result of Defendant comScore's infringement, Nielsen has suffered, and will continue to suffer damages. Nielsen is entitled to recover from Defendant comScore the damages it has sustained as a result of Defendant comScore's infringing acts in an amount subject to proof at trial. Nielsen is also entitled to its costs of suit and interest.

37.    Unless Defendant comScore is enjoined by this Court from continuing its infringement of the '635 patent, Nielsen will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## V.   WILLFULNESS

38.     Nielsen alleges upon information and belief that, as of the date of the filing of this Complaint, Defendant comScore has knowingly or with reckless disregard willfully infringed one or more of the Patents-in-Suit. Defendant comScore acted despite an objectively high likelihood that its actions constituted infringement of Nielsen's valid patent rights.

39.     This objectively-defined risk was either known or so obvious that it should have been known to Defendant comScore. Nielsen further alleges that Defendant comScore will continue to willfully infringe the Patents-in-Suit subsequent to the filing of this Complaint unless enjoined by this Court. Plaintiff Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

## VI.   JURY DEMAND

40.     Nielsen demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Federal Rule of Civil Procedure 38.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Nielsen prays for judgment against Defendant comScore, granting Nielsen the following relief:

A. That this Court adjudge and decree that Defendant comScore has infringed the Patents-in-Suit as alleged above;

B. That this Court enter judgment that Defendant comScore knowingly and willfully engaged in such infringement;

C. That this Court permanently enjoin Defendant comScore, its affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit;

D. That this Court order an accounting to determine the damages to be awarded to Nielsen as a result of Defendant comScore's infringement;

E.  That this Court order an award to Nielsen of such damages as it shall prove at trial against Defendant comScore that are adequate to compensate Nielsen for Defendant comScore's infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.  That this Court order an award to Nielsen of enhanced damages of up to three times the amount of compensatory damages because of Defendant comScore's willful infringement;

G.  That this Court assess pre-judgment and post-judgment interest and costs against Defendant comScore, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.  That this Court render a finding that this case is "exceptional" and award to Nielsen its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

I.  That this Court grants such other and further relief as the Court may deem proper and just.

Dated: March 15, 2011                         Respectfully submitted,


Walter D. Kelley, Jr. (VSB No. 21622)
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com
Email: tzurawski@jonesday.com

*Of Counsel:*

Tharan Gregory Lanier
Joe C. Liu
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939
Fax: (650) 739-3900
Email: tglanier@jonesday.com
Email: jcliu@jonesday.com

Steven J. Corr
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Tel:  (213) 489-3939
Fax:  (213) 243-2539
E-mail: sjcorr@jonesday.com

***Counsel for The Nielsen Company (US), LLC***