# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| **THE NIELSEN COMPANY (US), LLC,**<br>770 Broadway<br>New York, NY 10003<br><br>            Plaintiff,<br><br>v.<br><br>**COMSCORE, INC.**,<br>11950 Democracy Drive<br>Suite 600<br>Reston, VA 20190<br><br>            Defendant. | Civil Action No. 2:11-cv-168-MSD/TEM<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Walter D. Kelley, Jr. (VSB No. 21622)
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

Tharan Gregory Lanier (*pro hac vice*)
Joe C. Liu (*pro hac vice*)
Heather N. Fugitt (*pro hac vice*)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939
Fax: (650) 739-3900

Steven J. Corr (*pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Tel:  (213) 489-3939
Fax:  (213) 243-2539

*Counsel for The Nielsen Company (US), LLC*

Plaintiff The Nielsen Company (US), LLC hereby complains and alleges against Defendant comScore, Inc. as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to enjoin and obtain damages resulting from Defendant comScore, Inc.'s unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products, methods, processes, services, and/or systems that infringe one or more claims of the following patents:

   a. United States Patent No. 6,115,680, issued on September 5, 2000, for "Computer Use Meter and Analyzer" ("the '680 patent"), a true and correct copy of which is attached hereto as **Exhibit A**;

   b. United States Patent No. 6,418,470, issued on July 9, 2002, for "Metering of Internet Content Using a Control" ("the '470 patent"), a true and correct copy of which is attached hereto as **Exhibit B**;

   c. United States Patent No. 7,376,722, issued on May 20, 2008, for "Network Resource Monitoring and Measurement System and Method" ("the '722 patent"), a true and correct copy of which is attached hereto as **Exhibit C**;

   d. United States Patent No. 7,386,473, issued on June 10, 2008, for "Content Display Monitoring by a Processing System" ("the '473 patent"), a true and correct copy of which is attached hereto as **Exhibit D**; and

   e. United States Patent No. 7,613,635, issued on November 3, 2009, for "Content Display Monitor" ("the '635 patent"), a true and correct copy of which is attached hereto as **Exhibit E** (collectively, the "Patents-in-Suit").

## II. THE PARTIES

2.  Plaintiff The Nielsen Company (US), LLC ("Nielsen") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 770 Broadway, New York, New York 10003. Nielsen conducts business in the judicial district of the Eastern District of Virginia.

3.  Defendant, comScore, Inc. ("comScore") is a Delaware corporation with its principal place of business at 11950 Democracy Drive, Suite 600, Reston, Virginia 20190. Defendant comScore conducts business in the judicial district of the Eastern District of Virginia and elsewhere in the United States, and makes, uses, sells, offers for sale, and/or imports into the United States certain products and services that infringe one or more of the claims of one or more of the Patents-in-Suit.

## III. JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35, United States Code.

5.  This Court has original jurisdiction over the subject matter of this patent infringement action pursuant to the provisions of 28 U.S.C. §§1331 and 1338(a).

6.  Defendant comScore is subject to personal jurisdiction in the Commonwealth of Virginia because its corporate headquarters are located in this judicial district, and Defendant comScore regularly transacts business in this judicial district, among other things, regularly and systematically offering its products and services to customers, business affiliates, and partners located in this judicial district. In addition, Defendant comScore has committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-in-Suit in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), 1391(c), and 28 U.S.C. §1400(b) because Defendant comScore is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district.

## IV. CLAIMS

### COUNT I
### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,115,680)

8. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

9. Nielsen is the owner of all rights, title, and interest in the '680 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

10. The '680 patent relates to systems and methods for monitoring computer use, and more particularly, systems and methods for collecting, logging, and analyzing preselected operations in a personal computer and reporting the use.

11. Upon information and belief, comScore is liable for infringement of at least independent claim 12 of the '680 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its products, services, systems and/or methods including, without limitation, Media Metrix Suite, Media Metrix 360, Advertising Effectiveness (AdEffx) Suite, Ad Metrix Mobile, Benchmarking Studies, Customer Satisfaction Studies, e-Commerce Measurement, Mobile Advisor, Plan Metrix Mobile, Video Metrix 2.0, Video R/F, Media Metrix 2.0, Media Metrix XPC, Ad Metrix Publisher, Ad Metrix - Advertiser View, Brand Metrix, Campaign Metrix, Segment Metrix, World Metrix, Ad Sales Networks, Audience insite Measures 2.0, LocalScore, Local Market Reporting, Online Search Solutions, qSearch 2.0, Extended Web Measurement, U.S. Hispanic Services, Global Services, Custom Analysis, comScore Industry Solutions, comScore Marketing Solutions, other comScore products,

services, systems and/or methods which include the aforementioned products, services, systems and/or methods, and other comScore products, services, systems and/or methods that include panelist monitoring software, such as but not limited to, RelevantKnowledge software, to make, use, sell, and/or offer to sell the systems and methods disclosed and claimed in the '680 patent.

12. Upon information and belief, comScore is liable for infringement of at least independent claim 12 of the '680 patent under 35 U.S.C. § 271(a) by virtue of comScore's hardware and software performing or dictating the performance of each of the claimed method's steps.

13. Upon information and belief, comScore is liable for joint infringement of at least independent claim 12 of the '680 patent under 35 U.S.C. § 271(a) by virtue of comScore's exercise and control or direction over each of the claimed method's steps.

14. Upon information and belief, comScore has had actual and constructive notice of the '680 patent at all relevant times. For example, Nielsen employees have openly discussed and touted Nielsen's patented technology at one or more industry forums where comScore employees and agents were present and concurrently presenting. Additionally, comScore was licensed to the '680 patent and chose to let the license expire.

15. Upon information and belief, comScore has knowingly or with reckless disregard infringed the '680 patent. comScore acted despite an objectively high risk that its actions constituted infringement of Nielsen's '680 patent. Nielsen further alleges that comScore will continue to willfully infringe the '680 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

16. As a direct and proximate result of comScore's acts of patent infringement, Nielsen has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

17. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to infringe the '680 patent. Nielsen will be irreparably harmed if comScore is not enjoined from infringing.

## COUNT II
## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,418,470)

18. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

19. Nielsen is the owner of all rights, title, and interest in the '470 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

20. The '470 patent relates to systems and methods for metering the exposure of Internet content.

21. Upon information and belief, comScore is liable for infringement of at least independent claims 1 and 49 of the '470 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its products, services, systems and/or methods including, without limitation, Media Metrix Suite, Media Metrix 360, Advertising Effectiveness (AdEffx) Suite, Ad Metrix Mobile, Benchmarking Studies, Customer Satisfaction Studies, e-Commerce Measurement, Mobile Advisor, Plan Metrix Mobile, Video Metrix 2.0, Video R/F, Media Metrix 2.0, Media Metrix XPC, Ad Metrix Publisher, Ad Metrix - Advertiser View, Brand Metrix, Campaign Metrix, Segment Metrix, World Metrix, Ad Sales Networks, Audience insite Measures 2.0, LocalScore, Local Market Reporting, Online Search Solutions, qSearch 2.0, Extended Web Measurement, U.S. Hispanic Services, Global Services, Custom Analysis,

comScore Industry Solutions, comScore Marketing Solutions, other comScore products, services, systems and/or methods which include the aforementioned products, services, systems and/or methods, and other comScore products, services, systems and/or methods that include panelist monitoring software, such as but not limited to, RelevantKnowledge software, to make, use, sell, and/or offer to sell the systems and methods disclosed and claimed in the '470 patent.

22. Upon information and belief, comScore has had actual and constructive notice of the '470 patent at all relevant times. For example, Nielsen employees have openly discussed and touted Nielsen's patented technology at one or more industry forums where comScore employees and agents were present and concurrently presenting.

23. Upon information and belief, comScore has knowingly or with reckless disregard infringed the '470 patent. comScore acted despite an objectively high risk that its actions constituted infringement of Nielsen's '470 patent. Nielsen further alleges that comScore will continue to willfully infringe the '470 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

24. As a direct and proximate result of comScore's acts of patent infringement, Nielsen has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

25. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to infringe the '470 patent. Nielsen will be irreparably harmed if comScore is not enjoined from infringing.

## COUNT III
### (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,418,470)

26. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

27. Upon information and belief, users of comScore's panelist monitoring software ("comScore panelists") directly infringe at least independent claims 1 and 49 of the '470 patent. By downloading, installing, and using comScore's panelist monitoring software, comScore panelists practice at least independent claims 1 and 49 of the '470 patent.

28. Upon information and belief, comScore is liable for actively inducing infringement of the '470 patent under 35 U.S.C. § 271(b). comScore has and continues to offer incentives to recruit comScore panelists with the specific intent that the comScore panelists should infringe the '470 patent.

29. Upon information and belief, comScore has knowingly or with reckless disregard induced infringement of the '470 patent. comScore acted despite an objectively high risk that its actions constituted inducement of the infringement of Nielsen's '470 patent. Nielsen further alleges that comScore will continue to willfully induce infringement of the '470 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

30. As a direct and proximate result of comScore's acts of inducement, Nielsen has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

31. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to indirectly infringe the '470 patent. Nielsen will be irreparably harmed if comScore is not enjoined from inducing infringement.

## COUNT IV
## (DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,376,722)

32. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

33. Nielsen is the owner of all rights, title, and interest in the '722 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

34. The '722 patent relates to systems and methods for analyzing and measuring multiple sources of data over a communication network so as to ascertain information or usage of one or more resources.

35. Upon information and belief, comScore is liable for infringement of at least independent claims 1, 13, and 17 of the '722 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its products, services, systems and/or methods including, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Brand Survey Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video R/F, other comScore products, services, systems and/or methods that include Unified Digital Measurement, other comScore products, services, systems and/or methods which include the aforementioned products, services, systems and/or methods, and other comScore products, services, systems and/or methods that include a combination of panel and website server metrics, to make, use, sell, and/or offer to sell the systems and methods disclosed and claimed in the '722 patent.

36. Upon information and belief, comScore has had actual and constructive notice of the '722 patent at all relevant times. For example, Nielsen employees have openly discussed and touted Nielsen's patented technology at one or more industry forums where comScore employees and agents were present and concurrently presenting.

37. Upon information and belief, comScore has knowingly or with reckless disregard infringed the '722 patent. comScore acted despite an objectively high risk that its actions constituted infringement of Nielsen's '722 patent. Nielsen further alleges that comScore will continue to willfully infringe the '722 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

38. As a direct and proximate result of comScore's acts of patent infringement, Nielsen has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

39. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to infringe the '722 patent. Nielsen will be irreparably harmed if comScore is not enjoined from infringing.

## COUNT V
## (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,376,722)

40. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

41. Upon information and belief, comScore's customers directly infringe at least independent claims 13 and 17 of the '722 patent. By using the comScore products, services, systems and/or methods in ¶35, comScore's customers put the claimed invention of at least independent claims 13 and 17 of the '722 patent into use.

42. Upon information and belief, comScore is liable for actively inducing infringement of the '722 patent under 35 U.S.C. § 271(b). comScore has and/or continues to advertise and market the products, services, systems and/or methods in ¶35 on its website, with the specific intent that comScore's customers should infringe the '722 patent.

43. Upon information and belief, comScore is liable for contributory infringement of the '722 patent under 35 U.S.C. § 271(c). comScore offers to sell and/or sells software components that have no substantial noninfringing use to comScore's customers in connection with its products, services, systems and/or methods in ¶35, knowing the same to be a material part of the invention especially made or especially adapted for use in an infringement of the '722 patent.

44. Upon information and belief, comScore has knowingly or with reckless disregard induced and contributed to the infringement of the '722 patent. comScore acted despite an objectively high risk that its actions constituted inducement of and contributed to the infringement of Nielsen's '722 patent. Nielsen further alleges that comScore will continue to willfully induce and contribute to the infringement of the '722 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

45. As a direct and proximate result of comScore's acts of inducement and contributory infringement, Nielsen has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

46. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to indirectly infringe the '722 patent. Nielsen will be irreparably harmed if comScore is not enjoined from inducing and contributing to infringement.

**COUNT VI**
**(DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,386,473)**

47.     Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

48.     Nielsen is the owner of all rights, title, and interest in the '473 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

49.     The '473 patent relates to systems and methods for monitoring the display of content by a computer system.

50.     Upon information and belief, comScore is liable for infringement of at least independent claims 85, 101, 113, and 125 of the '473 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its products, services, systems and/or methods including, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video R/F, Extended Web Measurement, other comScore products, services, systems and/or methods which include the aforementioned products, services, systems and/or methods, and other comScore products, services, systems and/or methods that include census measurement, to make, use, sell, and/or offer to sell the systems and methods disclosed and claimed in the '473 patent.

51.     Upon information and belief, comScore has had actual and constructive notice of the '473 patent at all relevant times.  For example, Nielsen employees have openly discussed and touted Nielsen's patented technology at one or more industry forums where comScore employees and agents were present and concurrently presenting.

52.     Upon information and belief, comScore has knowingly or with reckless disregard infringed the '473 patent.  comScore acted despite an objectively high risk that its actions constituted infringement of Nielsen's '473 patent.  Nielsen further alleges that comScore will

continue to willfully infringe the '473 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

53. As a direct and proximate result of comScore's acts of patent infringement, Nielsen has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

54. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to infringe the '473 patent. Nielsen will be irreparably harmed if comScore is not enjoined from infringing.

## COUNT VII
### (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,386,473)

55. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

56. Upon information and belief, comScore's customers directly infringe at least independent claims 85, 101, 113, and 125 of the '473 patent. By using the comScore products, services, systems and/or methods in ¶50, comScore's customers put the claimed invention of at least independent claims 85, 101, 113, and 125 of the '473 patent into use.

57. Upon information and belief, comScore is liable for actively inducing infringement of the '473 patent under 35 U.S.C. § 271(b). comScore has and/or continues to advertise and market the products, services, systems and/or methods in ¶50 on its website, with the specific intent that comScore's customers should infringe the '473 patent.

58. Upon information and belief, comScore has knowingly or with reckless disregard induced infringement of the '473 patent. comScore acted despite an objectively high risk that its actions constituted inducement of the infringement of Nielsen's '473 patent. Nielsen further alleges that comScore will continue to willfully induce infringement of the '473 patent

subsequent to the filing of this complaint unless it is enjoined by the Court.  Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

59.     As a direct and proximate result of comScore's acts of inducement, Nielsen has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

60.     Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to indirectly infringe the '473 patent.  Nielsen will be irreparably harmed if comScore is not enjoined from inducing infringement.

## COUNT VIII
### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,613,635)

61.     Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

62.     Nielsen is the owner of all rights, title, and interest in the '635 patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

63.     The '635 patent relates to methods for monitoring the display of content by a computer system.

64.     Upon information and belief, comScore is liable for infringement of at least independent claim 1 of the '635 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its products, services, systems and/or methods including, without limitation, Media Metrix Suite, Media Metrix 360, Action Lift, Campaign Essentials, Online Sales Lift, Video Metrix 2.0, Video R/F, Extended Web Measurement, other comScore products, services, systems and/or methods which include the aforementioned products, services, systems and/or methods, and other comScore products, services, systems and/or methods that

include census measurement, to make, use, sell, and/or offer to sell the methods disclosed and claimed in the '635 patent.

65. Upon information and belief, comScore has had actual and constructive notice of the '635 patent at all relevant times. For example, Nielsen employees have openly discussed and touted Nielsen's patented technology at one or more industry forums where comScore employees and agents were present and concurrently presenting.

66. Upon information and belief, comScore has knowingly or with reckless disregard infringed the '635 patent. comScore acted despite an objectively high risk that its actions constituted infringement of Nielsen's '635 patent. Nielsen further alleges that comScore will continue to willfully infringe the '635 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

67. As a direct and proximate result of comScore's acts of patent infringement, Nielsen has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

68. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to infringe the '635 patent. Nielsen will be irreparably harmed if comScore is not enjoined from infringing.

## COUNT IX
### (INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,613,635)

69. Nielsen repeats, realleges, and incorporates by reference, as though fully set forth herein, the preceding paragraphs.

70. Upon information and belief, comScore's customers directly infringe at least independent claim 1 of the '635 patent. By using the comScore products, services, systems

and/or methods mentioned in ¶64, comScore's customers practice at least independent claim 1 of the '635 patent.

71. Upon information and belief, comScore is liable for actively inducing infringement of the '635 patent under 35 U.S.C. § 271(b). comScore has and/or continues to advertise and market the products, services, systems and/or methods in ¶64 on its website, with the specific intent that comScore's customers should infringe the '635 patent.

72. Upon information and belief, comScore is liable for contributory infringement of the '635 patent under 35 U.S.C. § 271(c). comScore offers to sell and/or sells software components that have no substantial noninfringing use to comScore's customers in connection with its products, services, systems and/or methods in ¶64, knowing the same to be a material part of the invention especially made or especially adapted for use in an infringement of the '635 patent.

73. Upon information and belief, comScore has knowingly or with reckless disregard induced and contributed to the infringement of the '635 patent. comScore acted despite an objectively high risk that its actions constituted inducement of and contributed to the infringement of Nielsen's '635 patent. Nielsen further alleges that comScore will continue to willfully induce and contribute to the infringement of the '635 patent subsequent to the filing of this complaint unless it is enjoined by the Court. Nielsen seeks enhanced damages pursuant to 35 U.S.C. § 284.

74. As a direct and proximate result of comScore's acts of inducement and contributory infringement, Nielsen has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

75. Nielsen is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining comScore from continuing to indirectly infringe the '635 patent. Nielsen will be irreparably harmed if comScore is not enjoined from inducing and contributing to infringement.

## V. JURY DEMAND

76. Nielsen demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Federal Rule of Civil Procedure 38.

## VI. PRAYER FOR RELIEF

WHEREFORE, Nielsen prays for judgment against Defendant comScore, granting Nielsen the following relief:

A. That this Court adjudge and decree that Defendant comScore has infringed the Patents-in-Suit as alleged above;

B. That this Court enter judgment that Defendant comScore knowingly and willfully engaged in such infringement;

C. That this Court permanently enjoin Defendant comScore, its affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Patents-in-Suit;

D. That this Court order an accounting to determine the damages to be awarded to Nielsen as a result of Defendant comScore's infringement;

E. That this Court order an award to Nielsen of such damages as it shall prove at trial against Defendant comScore that are adequate to compensate Nielsen for Defendant comScore's infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.  That this Court order an award to Nielsen of enhanced damages of up to three times the amount of compensatory damages because of Defendant comScore's willful infringement;

G.  That this Court assess pre-judgment and post-judgment interest and costs against Defendant comScore, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.  That this Court render a finding that this case is "exceptional" and award to Nielsen its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

I.  That this Court grants such other and further relief as the Court may deem proper and just.

Dated: May 11, 2011

Respectfully submitted,

/s/ Walter D. Kelley, Jr.
_____
Walter D. Kelley, Jr. (VSB No. 21622)
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com
Email: tzurawski@jonesday.com

Tharan Gregory Lanier (*pro hac vice*)
Joe C. Liu (*pro hac vice*)
Heather N. Fugitt (*pro hac vice*)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939
Fax: (650) 739-3900
Email: tglanier@jonesday.com
Email: jcliu@jonesday.com

Steven J. Corr (*pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: (213) 489-3939
Fax: (213) 243-2539
E-mail: sjcorr@jonesday.com

**Counsel for The Nielsen Company (US), LLC**

## **CERTIFICATE OF SERVICE**

I certify that on May 11, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants:

Stephen E. Noona
KAUFMAN & CANOLES, PC
150 W. Main Street, Suite 2100
Norfolk , VA 23510
Email: senoona@kaufcan.com

Steven E. Robertson
Richard L. Rainey
Kevin B. Collins
Paul A. Ainsworth
Lindsay B. Burke
Brian C. Bieluch
Erica N. Andersen
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004-2401
Email: srobertson@cov.com
Email: rrainey@cov.com
Email: kcollins@cov.com
Email: painsworth@cov.com
Email: lburke@cov.com
Email: bbieluch@cov.com
Email: eandersen@cov.com

Dated: May 11, 2011

 /s/  Tara Lynn R. Zurawski
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: tzurawski@jonesday.com

*Counsel for Defendant The Nielsen Company (US), LLC*