**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,  )  | |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | Case No. 2:11-cv-168 (MSD-TEM) |
| )  | |
| COMSCORE, INC.,  )  | JURY TRIAL REQUESTED |
| )  | |
| Defendant.  )  | |
| )  | |

**DEFENDANT COMSCORE, INC.'S PARTIAL ANSWER
AND COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT**

Defendant comScore, Inc. ("comScore") submits this Partial Answer and Counterclaims to the First Amended Complaint for Patent Infringement ("Amended Complaint"), filed by Plaintiff The Nielsen Company (US), LLC ("Nielsen"). comScore is concomitantly filing a motion to dismiss certain allegations in the Amended Complaint for failure to state a claim; this Partial Answer and Counterclaims responds to the allegations that are not the subject of comScore's motion to dismiss. To the extent not specifically admitted in the following paragraphs, the allegations in the Amended Complaint are denied.

## I.   NATURE OF THE ACTION

1.    comScore admits that the Amended Complaint purports to arise under the patent laws of the United States. comScore admits that U.S. Patent No. 6,115,680 (the "'680 patent") bears an issue date of September 5, 2000 and is entitled "Computer Use Meter and Analyzer," and that Exhibit A to the Amended Complaint appears to be a copy of the '680 patent. comScore admits that U.S. Patent No. 6,418,470 (the "'470 patent") bears an issue date

of July 9, 2002 and is entitled "Metering of Internet Content Using a Control," and that Exhibit B

to the Amended Complaint appears to be a copy of the '470 patent.  comScore admits that U.S.

Patent No. 7,376,722 (the "'722 patent") bears an issue date of May 20, 2008 and is entitled

"Network Resource Monitoring and Measurement System and Method," and that Exhibit C to

the Amended Complaint appears to be a copy of the '722 patent.  comScore admits that U.S.

Patent No. 7,386,473 (the "'473 patent") bears an issue date of June 10, 2008 and is entitled

"Content Display Monitoring by a Processing System," and that Exhibit D to the Amended

Complaint appears to be a copy of the '473 patent.  comScore admits that U.S. Patent No.

7,613,635 (the "'635 patent") bears an issue date of November 3, 2009 and is entitled "Content

Display Monitor," and that Exhibit E to the Amended Complaint appears to be a copy of the '635

patent.  comScore denies each and every allegation contained in Paragraph 1 and its sub-

paragraphs that is not specifically admitted in this paragraph.

## II.   THE PARTIES

2.     comScore lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 and thus denies those allegations.

3.     comScore admits that it is a Delaware corporation with its principal place

of business at 11950 Democracy Drive, Suite 600, Reston, Virginia 20190.  comScore admits

that it conducts business in the judicial district of the Eastern District of Virginia and elsewhere

in the United States.  comScore denies each and every allegation contained in Paragraph 3 that is

not specifically admitted in this paragraph.

## III.   JURISDICTION AND VENUE

4.     comScore admits that the Amended Complaint purports to arise under the

patent laws of the United States, Title 35, United States Code.  comScore denies each and every

allegation contained in Paragraph 4 that is not specifically admitted in this paragraph.

2

5.      To the extent that Paragraph 5 states a legal conclusion, no response is required.  To the extent a response is required, comScore admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  comScore denies each and every allegation contained in Paragraph 5 that is not specifically admitted in this paragraph.

6.      To the extent that Paragraph 6 states a legal conclusion, no response is required.  To the extent a response is required, comScore admits that comScore is subject to personal jurisdiction in this judicial district, that its headquarters are located in this judicial district, and that it transacts business in this judicial district.  comScore denies each and every allegation contained in Paragraph 6 that is not specifically admitted in this paragraph.

7.      To the extent that Paragraph 7 states a legal conclusion, no response is required.  To the extent a response is required, comScore admits venue is proper in this judicial district.  comScore denies each and every allegation contained in Paragraph 7 that is not specifically admitted in this paragraph.

## IV.   CLAIMS

### COUNT I
### (Direct Infringement of the '680 Patent)

comScore has moved to dismiss Count I of the Amended Complaint, and, thus, the allegations of Count I do not require a response.

### COUNT II
### (Direct Infringement of the '470 Patent)

18.      comScore incorporates by reference its responses to Paragraphs 1–7 of the Amended Complaint as if fully set forth herein.

19.      comScore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and thus denies those allegations.

3

20.     comScore admits that the specification of the '470 patent states that the patent "relates to an arrangement whereby Internet content is metered using a browser control such as a Windows ActiveX Control." '470 Patent col. 1 ll. 15–17.  comScore denies each and every allegation contained in Paragraph 20 that is not specifically admitted in this paragraph.

21.     comScore denies the allegations of Paragraph 21.

22.     comScore denies the allegations of Paragraph 22.

23.     comScore denies the allegations of Paragraph 23.

24.     comScore denies the allegations of Paragraph 24.

25.     comScore denies the allegations of Paragraph 25.

**COUNT III**
**(Indirect Infringement of the '470 Patent)**

26.     comScore incorporates by reference its responses to Paragraphs 1–7 and 18–25 of the Amended Complaint as if fully set forth herein.

27.     comScore denies the allegations of Paragraph 27.

28.     comScore denies the allegations of Paragraph 28.

29.     comScore denies the allegations of Paragraph 29.

30.     comScore denies the allegations of Paragraph 30.

31.     comScore denies the allegations of Paragraph 31.

**COUNT IV**
**(Direct Infringement of the '722 Patent)**

32.     comScore incorporates by reference its responses to Paragraphs 1–7 and 18–31 of the Amended Complaint as if fully set forth herein.

33.     comScore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and thus denies those allegations.

34.     comScore admits that the abstract of the '722 patent describes the patent as "[a] method and system for analysing and measuring multiple sources of data over a communication network . . . so as to ascertain information or usage of one or more resources . . . ." '722 Patent, Abstract.  comScore denies each and every allegation contained in Paragraph 34 that is not specifically admitted in this paragraph.

35.     comScore denies the allegations of Paragraph 35.

36.     comScore denies the allegations of Paragraph 36.

37.     comScore denies the allegations of Paragraph 37.

38.     comScore denies the allegations of Paragraph 38.

39.     comScore denies the allegations of Paragraph 39.

**COUNT V**
**(Indirect Infringement of the '722 Patent)**

comScore has moved to dismiss Count V of the Amended Complaint, and, thus, the allegations of Count V do not require a response.

**COUNT VI**
**(Direct Infringement of the '473 Patent)**

47.     comScore incorporates by reference its responses to Paragraphs 1–7 and 18–39 of the Amended Complaint as if fully set forth herein.

48.     comScore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and thus denies those allegations.

49.     comScore admits that the specification of the '473 patent states that the patent "relates to monitoring the display of content by a computer system and observation of the content." '473 Patent col. 1 ll. 10–11.  comScore denies each and every allegation contained in Paragraph 49 that is not specifically admitted in this paragraph.

50.     comScore denies the allegations of Paragraph 50.

51.     comScore denies the allegations of Paragraph 51.

52.     comScore denies the allegations of Paragraph 52.

53.     comScore denies the allegations of Paragraph 53.

54.     comScore denies the allegations of Paragraph 54.

## COUNT VII
### (Indirect Infringement of the '473 Patent)

55.     comScore incorporates by reference its responses to Paragraphs 1–7, 18–39, and 47–54 of the Amended Complaint as if fully set forth herein.

56.     comScore denies the allegations of Paragraph 56.

57.     comScore denies the allegations of Paragraph 57.

58.     comScore denies the allegations of Paragraph 58.

59.     comScore denies the allegations of Paragraph 59.

60.     comScore denies the allegations of Paragraph 60.

## COUNT VIII
### (Direct Infringement of the '635 Patent)

61.     comScore incorporates by reference its responses to Paragraphs 1–7, 18–39, and 47–60 of the Amended Complaint as if fully set forth herein.

62.     comScore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and thus denies those allegations.

63.     comScore admits that the specification of the '635 patent states that the patent "relates to monitoring the display and observation of content by a computer system." '635 Patent col. 1 ll. 16–17.  comScore denies each and every allegation contained in Paragraph 63 that is not specifically admitted in this paragraph.

64.     comScore denies the allegations of Paragraph 64.

65.     comScore denies the allegations of Paragraph 65.

66.     comScore denies the allegations of Paragraph 66.

67.     comScore denies the allegations of Paragraph 67.

68.     comScore denies the allegations of Paragraph 68.

**COUNT IX**
**(Indirect Infringement of the '635 Patent)**

69.     comScore incorporates by reference its responses to Paragraphs 1–7, 18–39, and 47–68 of the Amended Complaint as if fully set forth herein.

70.     comScore denies the allegations of Paragraph 70.

71.     comScore denies the allegations of Paragraph 71.

72.     comScore has moved to dismiss Nielsen's claim of contributory infringement of the '635 patent, and, thus, the allegations of Paragraph 72 do not require a response.

73.     comScore denies the allegations of Paragraph 73 relating to Nielsen's claim of inducement of infringement of the '635 patent.  comScore has moved to dismiss Nielsen's claim of contributory infringement of the '635 patent, and, thus, the allegations of Paragraph 73 relating to contributory infringement do not require a response.  comScore denies any other allegations of Paragraph 73.

74.     comScore denies the allegations of Paragraph 74 relating to Nielsen's allegation of inducement of infringement of the '635 patent.  comScore has moved to dismiss Nielsen's claim of contributory infringement of the '635 patent, and, thus, the allegations of Paragraph 74 relating to contributory infringement do not require a response.  comScore denies any other allegations of Paragraph 74.

75.     comScore denies the allegations of Paragraph 75 relating to Nielsen's allegation of inducement of infringement of the '635 patent.  comScore has moved to dismiss

Nielsen's claim of contributory infringement of the '635 patent, and, thus, the allegations of Paragraph 75 relating to contributory infringement do not require a response. comScore denies any other allegations of Paragraph 75.

## V.   JURY DEMAND

76.    The allegations of Paragraph 76 do not require a response. comScore demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

comScore denies that Nielsen is entitled to the relief it requests or to any other relief. comScore asks this Court to enter judgment in favor of comScore and against Nielsen, together with an award of costs and attorneys' fees against Nielsen.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden comScore would otherwise not have, comScore asserts the following defenses:

## FIRST DEFENSE

The Amended Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

comScore has not directly infringed any claim of the '470 patent, the '722 patent, the '473 patent, or the '635 patent (Counts II, IV, VI, and VIII), and comScore has not induced infringement of any claim of the '470 patent, the '473 patent, or the '635 patent (Counts III, VII, and IX).

## THIRD DEFENSE

Each of the '470 patent, the '722 patent, the '473 patent, and the '635 patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of Sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code.

## FOURTH DEFENSE

Nielsen's claims of patent infringement are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, acquiescence, and unclean hands.

## FIFTH DEFENSE

comScore's alleged infringement is licensed or otherwise authorized, in whole or in part, and Nielsen's claims of patent infringement have been released, in whole or in part.

## SIXTH DEFENSE

Nielsen's claims for damages are barred by 35 U.S.C. § 286 to the extent Nielsen seeks recovery for any alleged infringement that occurred more than six years before the filing of this suit.

## SEVENTH DEFENSE

Nielsen's claims for damages prior to the date of notice to comScore are barred for failure to comply with 35 U.S.C. § 287.

## EIGHTH DEFENSE

Nielsen's remedies are limited under 28 U.S.C. § 1498 to the extent that the alleged infringement is based on any product or service made for, used by, or sold to the government.

## NINTH DEFENSE

Nielsen cannot show that it is entitled to injunctive relief.

## TENTH DEFENSE

Nielsen cannot show that it is entitled to enhanced damages under 35 U.S.C. § 284.

## ELEVENTH DEFENSE

Nielsen's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel to the extent Nielsen alleges infringement under the doctrine of equivalents.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

comScore has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of this action.  comScore reserves the right to amend, or seek to amend, its answer or affirmative defenses.

## PRAYER FOR RELIEF

comScore respectfully prays for judgment and relief as follows:

a.      That Nielsen take nothing by reason of its Amended Complaint, that the Amended Complaint be dismissed with prejudice, and that judgment be rendered in favor of comScore and against Nielsen;

b.      That comScore be awarded its costs and expenses incurred in this action;

c.      That comScore be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

d.      For such other and further relief as the Court deems proper.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant comScore, Inc. ("comScore") counterclaims against Plaintiff The Nielsen Company (US), LLC ("Nielsen") and, in support thereof, alleges as follows:

## PARTIES

1.     comScore is a corporation organized and existing under the laws of Delaware and has its headquarters at 11950 Democracy Drive, Suite 600, Reston, Virginia 20190.

2.     Upon information and belief, Nielsen is a limited liability corporation organized and existing under the laws of Delaware and has its principal place of business at 770 Broadway, New York, New York 10003.  *See* Dkt. No. 31, ¶ 2.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over comScore's declaratory judgment counterclaims (Counts I–VIII) pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they present a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202, because an actual controversy exists as to the invalidity and infringement of the patents that are the subject of those counterclaims.  This Court has subject matter jurisdiction over comScore's counterclaims for infringement of United States Patent Nos. 7,849,154 (the "'154 patent") and 7,685,275 (the "'275 patent") (Counts IX–XI) pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they present a federal question relating to patents arising under Title 35 of the United States Code.

4.     Venue in this Court is proper under 28 U.S.C. § 1391 with respect to all of comScore's counterclaims, at least because Nielsen resides in this judicial district.  Venue in this Court is also proper under 28 U.S.C. § 1400 with respect to comScore's counterclaims for patent infringement (Counts IX–XI), at least because Nielsen resides in this judicial district.   In addition, Nielsen has consented to venue with respect to the counterclaims by filing the present lawsuit.

## BACKGROUND

5.      On March 15, 2011, Nielsen filed the present lawsuit against comScore, asserting infringement of, *inter alia*, the '470 patent, the '722 patent, the '473 patent, and the '635 patent ("the Declaratory Judgment Patents").  Dkt. No. 1.

6.      On May 11, 2011, Nielsen filed its First Amended Complaint for Patent Infringement ("Amended Complaint").  Dkt. No. 31.

7.      In the Amended Complaint, Nielsen alleges that it is the "owner of all rights, title and interest in" the Declaratory Judgment Patents.  Dkt. No. 31, ¶¶ 19, 33, 48, 62.

8.      In the Amended Complaint, Nielsen alleges that comScore has infringed and continues to infringe the Declaratory Judgment Patents.  Dkt. No. 31, ¶¶ 21, 28, 35, 50, 57, 64, 71.

9.      An actual, substantial, and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Nielsen and comScore concerning the infringement and invalidity of the Declaratory Judgment Patents.

10.      This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I
### (Declaratory Judgment of Non-Infringement of the '470 Patent)

11.      comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–10 as if fully set forth herein.

12.      comScore does not infringe, whether directly or indirectly (*e.g.*, by inducing or contributing to infringement), any claim of the '470 patent.

13.      comScore is entitled to a declaratory judgment from this Court declaring that comScore does not infringe, directly or indirectly, any claim of the '470 patent.

**COUNT II**
**(Declaratory Judgment of Invalidity of the '470 Patent)**

14.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–13 as if fully set forth herein.

15.     Each and every claim of the '470 patent is invalid for failing to meet the requirements for patentability, including, without limitation, one or more of Sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code.

16.     comScore is entitled to a declaratory judgment from this Court declaring that each and every claim of the '470 patent is invalid.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the '722 Patent)**

17.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–16 as if fully set forth herein.

18.     comScore does not directly infringe any claim of the '722 patent.

19.     comScore is entitled to a declaratory judgment from this Court declaring that comScore does not directly infringe any claim of the '722 patent.

**COUNT IV**
**(Declaratory Judgment of Invalidity of the '722 Patent)**

20.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–19 as if fully set forth herein.

21.     Each and every claim of the '722 patent is invalid for failing to meet the requirements for patentability, including, without limitation, one or more of Sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code.

22.     comScore is entitled to a declaratory judgment from this Court declaring that each and every claim of the '722 patent is invalid.

## COUNT V
### (Declaratory Judgment of Non-Infringement of the '473 Patent)

23.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–22 as if fully set forth herein.

24.     comScore does not infringe, whether directly or indirectly (*e.g.*, by inducing or contributing to infringement), any claim of the '473 patent.

25.     comScore is entitled to a declaratory judgment from this Court declaring that comScore does not infringe, directly or indirectly, any claim of the '473 patent.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '473 Patent)

26.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–25 as if fully set forth herein.

27.     Each and every claim of the '473 patent is invalid for failing to meet the requirements for patentability, including, without limitation, one or more of Sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code.

28.     comScore is entitled to a declaratory judgment from this Court declaring that each and every claim of the '473 patent is invalid.

## COUNT VII
### (Declaratory Judgment of Non-Infringement of the '635 Patent)

29.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–28 as if fully set forth herein.

30.     comScore does not infringe, whether directly or by inducing infringement, any claim of the '635 patent.

31.     comScore is entitled to a declaratory judgment from this Court declaring that comScore does not infringe, directly or by inducement, any claim of the '635 patent.

**COUNT VIII**
**(Declaratory Judgment of Invalidity of the '635 Patent)**

32.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–31 as if fully set forth herein.

33.     Each and every claim of the '635 patent is invalid for failing to meet the requirements for patentability, including, without limitation, one or more of Sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code.

34.     comScore is entitled to a declaratory judgment from this Court declaring that each and every claim of the '635 patent is invalid.

**COUNT IX**
**(Direct Infringement of the '154 Patent)**

35.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–34 as if fully set forth herein.

36.     On December 7, 2010, the United States Patent and Trademark Office duly and legally issued the '154 patent, entitled "Acquiring, Storing, and Correlating Profile Data of Cellular Mobile Communications System's Users to Events."  A true and correct copy of the '154 patent is attached hereto as Exhibit A.

37.     comScore is the owner of the '154 patent, which discloses and claims, *inter alia*, systems and methods useful in collecting and associating profile data of a mobile device user to events of the mobile device.  comScore has the exclusive right to sue to enforce the '154 patent, including the right to sue for damages for past infringement.

38.     Upon information and belief, Nielsen recruits mobile device users, including residents of the Commonwealth of Virginia, to serve on "mobile panels" and have their mobile device use tracked as part of Nielsen's "Mobile Measurement" efforts.  Nielsen claims to measure the activity of more than 65,000 mobile device users in the United States.  The mobile

device users install, or authorize Nielsen to install, Nielsen proprietary mobile monitoring software.  Upon information and belief, this software provides information allowing Nielsen to collect and associate profile data of a mobile device user to events of the mobile device, as claimed in the '154 patent.  Upon information and belief, Nielsen has referred to its proprietary mobile monitoring software as "Nielsen Mobile Meter" or "Nielsen Mobile App."

39.     Nielsen is liable for infringement of at least claims 1, 2, 4–7, 9–12, 14, and 15 of the '154 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its proprietary mobile monitoring software, to make, use, sell, and/or offer to sell the methods and systems disclosed and claimed in the '154 patent.

40.     Nielsen has had actual and constructive notice of the '154 patent since at least April 22, 2011.

41.     Upon information and belief, Nielsen has knowingly or with reckless disregard infringed the '154 patent.  Nielsen acted despite an objectively high risk that its actions constituted infringement of comScore's '154 patent.  comScore further alleges that Nielsen will continue to willfully infringe the '154 patent subsequent to the filing of this complaint unless it is enjoined by this Court.  comScore seeks enhanced damages pursuant to 35 U.S.C. § 284.

42.     As a direct and proximate result of Nielsen's acts of patent infringement, comScore has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

43.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to infringe the patent.  comScore will be irreparably harmed if Nielsen is not enjoined from infringing.

## COUNT X
### (Indirect Infringement of the '154 Patent)

44.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–43 as if fully set forth herein.

45.     Upon information and belief, users of Nielsen's proprietary mobile monitoring software ("mobile panelists") directly infringe at least claims 11–15 of the '154 patent.  By downloading and installing Nielsen's software and subsequently using their mobile devices, mobile panelists put the claimed system of at least claims 11–15 of the '154 patent into use.

46.     Nielsen has had actual and constructive notice of the '154 patent since at least April 22, 2011.

47.     Nielsen is liable for actively inducing infringement of the '154 patent under 35 U.S.C. § 271(b).  Nielsen has and continues to offer financial and other incentives to recruit mobile panelists with the specific intent that the mobile panelists should infringe the '154 patent.

48.     Upon information and belief, Nielsen has knowingly or with reckless disregard infringed the '154 patent.  Nielsen acted despite an objectively high risk that its actions constituted infringement of comScore's '154 patent.  comScore further alleges that Nielsen will continue to willfully infringe the '154 patent subsequent to the filing of this complaint unless it is enjoined by this Court.  comScore seeks enhanced damages pursuant to 35 U.S.C. § 284.

49.     As a direct and proximate result of Nielsen's inducement, comScore has suffered damages and will continue to suffer damages unless such indirect patent infringement is enjoined by the Court.

50.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to indirectly infringe the patent.   comScore will be irreparably harmed if Nielsen is not enjoined from inducing infringement.

## COUNT XI
### (Direct Infringement of the '275 Patent)

51.     comScore restates, realleges, and incorporates by reference the allegations in Paragraphs 1–50 as if fully set forth herein.

52.     On March 23, 2010, the United States Patent and Trademark Office duly and legally issued the '275 patent, entitled "Network Interaction Analysis."  A true and correct copy of the '275 patent is attached hereto as Exhibit B.

53.     comScore is the owner of the '275 patent, which discloses and claims, *inter alia*, systems, methods, and computer program products for analyzing the legitimacy of network interactions.   comScore has the exclusive right to sue to enforce the '275 patent, including the right to sue for damages for past infringement.

54.     Upon information and belief, Nielsen's "Online Measurement Efforts" "analyze consumer behavior, advertising effectiveness, brand advocacy, social media buzz, and more" through the use of "people-based panels with comprehensive census-based measures." Upon information and belief, Nielsen recruits computer users, including residents of the Commonwealth of Virginia, to serve on "online panels" and have their online viewing and purchasing habits tracked as part of Nielsen's "Online Measurement" efforts.  In the United States, Nielsen claims to measure the activity of more than 200,000 Internet users across more than 30,000 sites.  Nielsen also claims to measure the activity of 500,000 Internet users worldwide.  Upon information and belief, Nielsen uses proprietary filtering mechanisms to

remove network interactions that are not legitimate, *e.g.*, non-human traffic, from its "Online Measurement" efforts. Upon information and belief, Nielsen "Online Measurement" efforts monitor paid clicks for advertisements for various consumer sectors, and uses proprietary filtering mechanisms to remove clicks that are not legitimate. Nielsen promotes these filtering mechanisms as ensuring that Nielsen is "measuring people, not just machines." Http://nielsen.com/us/en/measurement/online-measurement.html (last visited May 17, 2011).

55.     Upon information and belief, Nielsen is liable for infringement of at least claims 1, 2, 6, 9–12, 20–22, 26, 36, and 37 of the '275 patent under 35 U.S.C. § 271(a) by virtue of at least its current and past efforts, in connection with its proprietary filtering mechanisms used in connection with its "Online Measurement" efforts, to make and use the systems, methods, and computer program products disclosed and claimed in the '275 patent.

56.     As a direct and proximate result of Nielsen's acts of patent infringement, comScore has suffered damages and will continue to suffer damages unless such patent infringement is enjoined by the Court.

57.     comScore is entitled to the relief provided by 35 U.S.C. §§ 1 *et seq.*, including monetary damages and an order enjoining Nielsen from continuing to infringe the patent. comScore will be irreparably harmed if Nielsen is not enjoined from infringing.

## PRAYER FOR RELIEF

WHEREFORE, comScore prays for judgment and relief as follows:

a.     A declaratory judgment that comScore does not directly or indirectly infringe any claim of the '470 patent under 35 U.S.C. § 271;

b.     A declaratory judgment that each and every claim of the '470 patent is invalid;

c.     A declaratory judgment that comScore does not directly infringe any claim of the '722 patent under 35 U.S.C. § 271;

d.     A declaratory judgment that each and every claim of the '722 patent is invalid;

e.     A declaratory judgment that comScore does not directly or indirectly infringe any claim of the '473 patent under 35 U.S.C. § 271;

f.     A declaratory judgment that each and every claim of the '473 patent is invalid;

g.     A declaratory judgment that comScore does not directly infringe or induce infringement of any claim of the '635 patent under 35 U.S.C. § 271;

h.     A declaratory judgment that each and every claim of the '635 patent is invalid;

i.     A judgment that Nielsen has directly and indirectly infringed the '154 patent under 35 U.S.C. § 271;

j.     A preliminary and permanent injunction restraining and enjoining Nielsen and its officers, agents, servants and employees, and those persons in active concert or participation with any of them, from making, using, inducing others to use, selling, or offering to sell Nielsen's proprietary software to collect data on mobile device users;

k.     An award of damages to comScore and against Nielsen sufficient to compensate comScore for Nielsen's direct and indirect infringement of the '154 patent;

l.     A finding that Nielsen's direct and indirect infringement of the '154 patent is willful and that comScore's damages be trebled, pursuant to 35 U.S.C. § 284;

m.      A judgment that Nielsen has directly infringed the '275 patent under 35 U.S.C. § 271;

n.      A preliminary and permanent injunction restraining and enjoining Nielsen and its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from making or using Nielsen's proprietary filtering mechanisms to remove non-human traffic from Nielsen's "Online Measurement" efforts;

o.      An award of damages to comScore and against Nielsen sufficient to compensate comScore for Nielsen's direct infringement of the '275 patent;

p.      Pre-judgment and post-judgment interest against Nielsen, together with an award of costs and expenses in this action, in accordance with 35 U.S.C. § 284;

q.      A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

r.      The costs and expenses incurred by comScore in this action; and

s.      Such further and other relief as this Court determines to be just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  May 31, 2011

Respectfully submitted,

/s/ Erica N. Andersen
Stephen E. Noona (Va. Bar No. 25367)
KAUFMAN & CANOLES, PC
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Tel: (757) 624-3239
Fax: (757) 624-3169
senoona@kaufcan.com

Richard L. Rainey (*pro hac vice*)
Kevin B. Collins (*pro hac vice*)
Erica N. Andersen (Va. Bar No. 76466)
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 662-6000
Fax: (202) 662-6291
rrainey@cov.com
kcollins@cov.com
eandersen@cov.com

*Attorneys for Defendant/Counterclaim
Plaintiff comScore, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May 2011, I will electronically file the foregoing *Defendant comScore, Inc.'s Partial Answer and Counterclaims to the First Amended Complaint* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Walter D. Kelley, Jr.
Tara Lynn R. Zurawski
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com
Email: tzurawski@jonesday.com

Steven J. Corr
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Tel: (213) 489-3939
Fax: (213) 243-2539
E-mail: sjcorr@jonesday.com

Tharan Gregory Lanier
Joe C. Liu
Heather Nicole Fugitt
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939
Fax: (650)739-3900
Email: tglanier@jonesday.com
Email: jcliu@jonesday.com
Email: hfugitt@jonesday.com

*Counsel for Plaintiff*

/s/ Erica N. Andersen
Erica N. Andersen (Va. Bar No. 76466)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, D.C. 20004-2401
Tel: (202) 662-5549
Fax: (202) 778-5549
eandersen@cov.com

*Counsel for Defendant/Counterclaim Plaintiff comScore, Inc.*