# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | ) Civil Action No. 2:11-CV-168-MSD/TRJ<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| COMSCORE, INC., | )<br>) |
| Defendant/Counterclaim Plaintiff. | )<br>)<br>) |

## PROPOSED DISCOVERY PLAN

Plaintiff/Counterclaim Defendant The Nielsen Company (US), LLC and Defendant/Counterclaim Plaintiff comScore, Inc. submit this Proposed Discovery Plan pursuant to Magistrate Judge Jones' Order on September 30, 2011 (Dkt. No. 77). The parties conferred on October 12, 2011, in an effort to agree on the content of this Plan.

## I. PROTECTIVE ORDER

The Court entered the parties' Stipulated Protective Order on **September 15, 2011** (Dkt. No. 69), which governs the disclosure of Protected Material in this action.

## II. AMENDMENT OF PLEADINGS AND JOINDER OF PARTIES

All motions seeking leave to amend pleadings or add parties shall be filed by the same date that the Court sets for service of infringement contentions, which are addressed in Section III below.

**[Plaintiff's Proposal:]** Motions for leave to amend pleadings after this date will not be allowed except for good cause shown.

1

**[Defendant's Proposal:]** Motions for leave to amend pleadings after this date shall be governed by the Federal Rules of Civil Procedure.

## III.  INITIAL DISCLOSURES OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

**A.** As set forth in the Court's June 13, 2011 Rule 26(f) Order (Dkt. No. 42)**,** the parties served their Rule 26(a)(1) disclosures on or before July 20, 2011.

**B.** On or before **November 14, 2011**, each party shall serve its "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately and as specifically as possible, the following information:

**1.** Each claim of each of the party's asserted patents that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted.

**2.** A list of the accused products, services, systems, processes, or instrumentalities (collectively, "accused products") currently known to the party. This shall not preclude the party from seeking leave to amend its Infringement Contentions to identify additional accused products based on information obtained through discovery.

**3.** A claim chart identifying specifically where each limitation of each asserted claim is found within each accused product, including for each limitation that the party contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

**4.** For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.

**5.** Whether each limitation of each asserted claim is claimed to be infringed literally or under the doctrine of equivalents.

**6.** For all asserted patents, including any patent that claims priority to an early application, the priority date to which each asserted claim is allegedly entitled.

**7.** The date of conception and reduction to practice of each asserted claim.

**8.** Facts and assertions relevant to any contention that the opposing party has willfully infringed any patent.

**9.** If the party wishes to preserve the right to rely, for any purpose, on the assertion that its own product, service, system, process, or instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such product, service, system, process, or instrumentality that embodies that particular claim.

**C.** The parties shall serve their "Preliminary Invalidity Contentions" on or before **December 9, 2011**, which must identify as specifically as possible the following:

**1.** A chart that compares allegedly invalidating prior art to each asserted claim on a prior art item and claim element by claim element basis. If the party contends that a claim element is governed by 35 U.S.C. § 112(6), the

party shall identify the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

 **2.** Facts and assertions relevant to invalidity positions under 35 U.S.C. § 102(a)-(g).

 **3.** Facts and assertions relevant to invalidity positions under 35 U.S.C. § 103, including a specific identification of prior art combinations.

 **4.** Facts and assertions relevant to invalidity positions under 35 U.S.C. § 112.

 **5.** Facts and assertions relevant to invalidity positions under 35 U.S.C. § 287, including with patent marking.

 **6.** Facts and assertions relevant to any contention that the patent is unenforceable.

 **D.** **[Plaintiff's Proposal:]** The foregoing disclosure requirements (Sections B and C) do not limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures for cause shown and shall be liberally granted during the pendency of discovery.

 **E.** **[Defendant's Proposal:]** The foregoing disclosure requirements (Sections B and C) do not limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures for good cause shown.

**IV. ELECTRONICALLY STORED INFORMATION**

The parties have negotiated a stipulated electronically stored information ("ESI") plan and shall submit that to the Court forthwith.

## V. DISCOVERY

**A. Fact Discovery.** The parties request modification to the Court's Rule 16(b) Order dated August 10, 2011 (Dkt. No. 53) as follows: Discovery shall be completed by both parties on or before **March 13, 2012**. "Completed" means that interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date. All subpoenas issued for discovery shall be returnable on or before the completion date.

**B. Expert Discovery.** Pursuant to the Court's Rule 16(b) Order dated August 10, 2011 (Dkt. No. 53), all discovery of experts, and all depositions taken by the proponent of a witness for presentation in evidence in lieu of the appearance of the witness at trial, shall be concluded on or before **March 20, 2012**.

**C. Opinions of Counsel.** If a party intends to rely upon any opinions of counsel in defense to an allegation of willful infringement, the party shall produce all such opinions, as well as all documents related thereto, on or before **December 9, 2011**.

**D. Privilege Logs.** The parties shall provide a privilege log within twenty-one (21) calendar days of service of documents responsive to document requests. The parties are not required to include on their privilege logs: (i) any privileged documents that came into existence on or after the date of the filing of this Complaint or (ii) communications with counsel involved in this litigation.

**E. Cross-use of Documents.** With respect to this litigation *The Nielsen Company (US), LLC v. comScore, Inc.*, No. 2:11-cv-00168-MSD-TEM (E.D. Va.) ("*Nielsen v. comScore*"), and pending litigation captioned *comScore, Inc. v. The Nielsen Company (US), LLC, et al.*, No. 1:11-cv-00290-LMB-TRJ (E.D. Va.) ("*comScore v.*

*Nielsen*"), documents provided in *comScore v. Nielsen* may be used in *Nielsen v. comScore*, and documents provided in *Nielsen v. comScore* may be used in *comScore v. Nielsen*, as if the documents had been provided in both cases, to the extent such use would otherwise be permissible in each litigation under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any orders of the Court in the respective cases (including any Scheduling Orders). For the sake of clarity, this agreement does not modify or supersede any discovery or other deadlines set by the Scheduling Orders in this case and in *comScore v. Nielsen*. The parties have reached such agreement solely for the purposes of convenience of counsel, without expressing any position on the relevance of such materials to either case. Materials produced in either case need not, accordingly, be reproduced in the other case.

## VI. CLAIM CONSTRUCTION, EXPERT DISCLOSURES, AND DISPOSITIVE MOTIONS

**A.** Pursuant to the Court's Rule 16(b) Order dated August 10, 2011 (Dkt. No. 53), the party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705 evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on **December 27, 2011**.

**B.** Pursuant to the Court's Rule 16(b) Order, the party bearing the burden of proof on an issue on which it intends to proffer expert testimony shall make the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by January 27, 2012; any responsive or rebuttal expert disclosures shall be made by February 27, 2012; any reply or rebuttal disclosures by the party having the burden of proof shall be made by March 13, 2012; and all expert discovery shall be completed by March 20, 2012.

6

**C.** The Court's Rule 16(b) Order does not set a date for claim construction or dispositive motion briefing or dates for claim construction or dispositive motion hearings.

**D.** **[Plaintiff's Proposal:]** Plaintiff believes that additional deadlines for the exchange of terms and proposed constructions are not necessary prior to summary judgment briefing because the parties can adequately present claim construction issues in their summary judgment motions, and avoid burdening the Court with the construction of claim terms that may not impact dispositive issues. Plaintiff requests a claim construction/summary judgment hearing the week of April 2-6, 2012 and proposes the following briefing schedule:

    **1.** The parties shall serve opening claim construction/summary judgment briefs on **February 24, 2012**.

    **2.** The parties shall serve responsive claim construction/summary judgment briefs on **March 9, 2012**.

    **3.** The parties shall serve reply claim construction/summary judgment briefs on **March 23, 2012.**

**E.** **[Defendant's Proposal:]** In Defendant's view, holding claim construction proceedings prior to expert reports will help focus expert discovery significantly. In addition, claim construction proceedings should be separate from dispositive motions because there may be important claim construction issues that must be resolved before trial but that do not serve as the basis for any dispositive motion. Defendant proposes the following schedule for claim construction, which would thus occur prior to expert reports and dispositive motions:

1. The parties shall exchange claim terms on which they seek construction on **December 16, 2011**.

2. The parties shall exchange proposed constructions on **December 21, 2011**.

3. The parties shall serve opening claim construction briefs on **December 23, 2011**.

4. The parties shall serve responsive claim construction briefs on **January 11, 2012**.

5. Defendant believes that a hearing on claim construction issues would be useful and requests that the Court set a hearing date.

F. **[Defendant's Proposal:]** Dispositive motions shall be filed on or before **March 13, 2012**. Responsive and rebuttal briefs relating to any dispositive motions shall be filed in accordance with the deadlines provided by Local Civil Rule 7(F)(1).

G. **[Plaintiff's Proposal:]** Plaintiff requests modification to the expert discovery deadlines in the Court's Rule 16(b) Order dated August 10, 2011 as follows:

1. The parties shall serve expert disclosures required by Fed. R. Civ. P. 26(a)(2) on all issues which they bear the burden of proof by **February 13, 2012**.

2. The parties shall serve rebuttal expert reports on **March 2, 2012.**

3. The parties shall serve reply expert reports on **March 13, 2012.**

H. **[Defendant's Proposal:]** If the Court adopts Defendant's claim construction proposal in Section E above, Defendant proposes certain modifications to the expert discovery deadlines:

      **1.** The party bearing the burden of proof on an issue shall make the expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **February 13, 2012**;

      **2.** Expert disclosures intended solely to respond to, contradict or rebut an expert disclosure on the same subject matter disclosed by another party shall be made by **March 2, 2012**;

      **3.** Any reply or rebuttal disclosures by the party having the burden of proof shall be made by **March 13, 2012**; and

      **4.** All expert discovery shall be completed by **March 20, 2012**.

**I.** Supplementation of Expert Disclosures. If the Court adopts Defendant's claim construction proposal in Section E above, and a party believes in good faith that the Court's claim construction ruling so requires, not later than fifteen (15) days after the Court's ruling, the party may supplement its expert reports solely to address the Court's claim construction. Any supplemental rebuttal report must then be served not later than seven (7) days after the service of the supplemental expert report. If the Court adopts Plaintiff's claim construction/summary judgment proposal in Section D above, and a party believes in good faith that the Court's claim construction ruling so requires, not later than seven (7) days after the Court's ruling, the party may supplement its expert reports solely to address the Court's claim construction. Any supplemental rebuttal report must then be served not later than seven (7) days after the service of the supplemental expert report.

**VII. SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES.**

All pleadings, motions, and other papers that are filed are to be served on the

other party electronically as provided by the Federal Rules and local rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and other papers that are not filed. The serving party shall attach the pleading or paper in "Portable Document Format"(.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via service with the ability to "track" deliveries and verify receipt. Service via e-mail shall be the equivalent of service by hand that day for purposes of Rules 5 and 6.

**VIII. MODIFICATION**

A party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

**IX. SETTLEMENT CONFERENCE**

A settlement conference may be requested at any time in this case. The Court may refer the parties to consult with the Magistrate Judge or another regarding settlement.

**X. FINAL PRETRIAL CONFERENCE**

A final pretrial conference shall be conducted on **April 6, 2012, at 11:00 a.m.**

**XI. TRIAL**

Pursuant to the Court's Rule 16(b) Order dated August 10, 2011, trial shall commence on **April 24, 2012, at 10:00 a.m.** The parties do not wish to proceed before a magistrate judge, except, as noted, with respect to settlement conferences. A jury trial has been demanded.

**SO STIPULATED AND AGREED:**

DATED:

By: */s/ Walter D. Kelley, Jr.*
_____
Walter D. Kelley, Jr. (VSB No. 21622)
Tara Lynn R. Zurawski (VSB No. 73602)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
wdkelley@jonesday.com
tzurawski@jonesday.com
Tel: (202) 879-3939
Fax: (202) 626-1700

Tharan Gregory Lanier (*pro hac vice*)
Joe C. Liu (*pro hac vice*)
Heather N. Fugitt (*pro hac vice*)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
tglanier@jonesday.com
jcliu@jonesday.com
hfugitt@jonesday.com
Tel: (650) 739-3939
Fax: (650) 739-3900

Steven J. Corr (*pro hac vice*)
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
sjcorr@jonesday.com
Tel: (213) 489-3939
Fax: (213) 243-2539

*Attorneys for Plaintiff/Counterclaim Defendant The Nielsen Company (US), LLC*

DATED:

By: */s/ Stephen E. Noona*
_____
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, PC
150 Main Street, Suite 2100
Norfolk, VA 23510
Tel: (757) 624-3239
Fax: (757) 624-3169
senoona@kaufcan.com

Paul A. Ainsworth
Erica N. Andersen
Brian G. Bieluch
Kevin B. Collins
Courtney R. Forrest
K. Courtney Macdonald
Richard L. Rainey
Peter A. Swanson
Paul J. Wilson
Christina Olson
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Email: painsworth@cov.com
Email: eandersen@cov.com
Email: bbieluch@cov.com
Email: lburke@cov.com
Email: kcollins@cov.com
Email: cforrest@cov.com
Email: cmacdonald@cov.com
Email: rrainey@cov.com
Email: pswanson@cov.com
Email: pwilson@cov.com
Email: colson@cov.com

*Attorneys for Defendant/Counterclaim Plaintiff comScore, Inc.*

# CERTIFICATE OF SERVICE

I certify that on October 12, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants:

| | |
|---|---|
| Stephen E. Noona<br>KAUFMAN & CANOLES, PC<br>150 W. Main Street, Suite 2100<br>Norfolk , VA 23510<br>Email: senoona@kaufcan.com | Paul A. Ainsworth<br>Erica N. Andersen<br>Brian C. Bieluch<br>Kevin B. Collins<br>Courtney R. Forrest<br>K. Courtney Macdonald<br>Richard L. Rainey<br>Peter A. Swanson<br>Paul J. Wilson<br>Christina Olson<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2401<br>Email: painsworth@cov.com<br>Email: eandersen@cov.com<br>Email: bbieluch@cov.com<br>Email: cforrest@cov.com<br>Email: lburke@cov.com<br>Email: kcollins@cov.com<br>Email: cmacdonald@cov.com<br>Email: rrainey@cov.com<br>Email: pswanson@cov.com<br>Email: pwilson@cov.com<br>Email: colson@cov.com |

Dated: October 12, 2011

    /s/ *Walter D. Kelley, Jr.*
Walter D. Kelley, Jr. (VSB No. 21622)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: wdkelley@jonesday.com

*Counsel for Plaintiff/Counterclaim Defendant*
*The Nielsen Company (US), LLC*